Wash, J.,
delivered the opinion of the Court.
This was an action of ejectment, brought by Mullanphy against Peterson, in the Circuit Court, for a house and lot in the city of St. Louis. The Court, setting as a jury, found the facts in the cause, and gave judgment for Peterson j. to reverse which judgment Mullanphy now prosecutes his writ of error in this Court. The material facts as they appear upon the record are, that on the thirtieth of May, 1820, the plaintiff being then seized and possessed of the premises, in dispute, executed a deed of conveyance therefor to William Louis Dubourg, Bishop of Louisiana, and Auguste Chouteau, David V. Walker, William Clark, and Alexander McNair, for the purpose of contributing to the relief of such poor and indigent persons, without regard to their religion or natural character, as may find themselves in a state of sickness and want, &c. j to have and hold the premises, with the appurtenances, to the said William Dubourg, Bishop of Louisiana, and his successors in the See of said Bishopric, and the said Auguste Chouteau, David V. Walker, William Clark, and Alexander McNair, and their successors, Sec. The deed proceeds to direct the man.-. *546 ner of appointing successors and managing the charity. The provisions- above' recited are the only ones that touch the question, upon which the cause must he determined. It was also proven that Bishop Dubourg had left the country, and that no successor had been appointed, and that two of the other grantees named in the deed had died before the institution of this suit in the Court below, which was prosecuted for the recovery of three-fifths of the premises conveyed by said deed, upon the ground that the title had reverted to the grantor, so soon as the See of the Bishopric bacame vacant, and upon the death of the original grantees respectively. The grantees had transferred the premises to. the corporation of the city of St. Louis, under whom the defendant held possession.
For the defendant it was insisted: First. That the conveyance to the grantees and their successors forever, to be appointed from time to time by a majority of the survivors, &c., in the manner prescribed1 in sai'd conveyance, were terms of perpetuity so comprehensive as to pass the feeand second, that, at most, the plaintiff was but tenant in common of three-fifths, and could not bj-ing ejectment against his co-tenants, or one, in under them, without an actual ouster, &c.
For the plaintiff it was. argued, first, that the deed was entirely void, not having been recorded within the period prescribed by law and second;, that, at most, the deed, conveyed to the grantees a life estate only, except to Bishop Dubourg, and to him. a life estate, determinable on his ceasing to be Bishop, &c. On this point we are well satisfied the law is with the plaintiff. The authorities cited are clear law, amd the plaintiff was therefore entitled to recover three undivided fifths of the premises. It was not necessary to prove an ouster to maintain the action: see Rev. Code, title Ejectment. The other question is left open for argument.
The judgment of the Circuit Court is, therefore, reversed j. and this Court, proceeding to give such judgment as the Court below ought to have given, do find, from the whole- matter, that the defendant is guilty of the trespass and ejectment complained'of, in, &c., as to the three undivided fifths of the premises in dispute, and with the consent of the plaintiff assess his damages to one cent.
It is, therefore, adjudged, that said plaintiff recover possession of three undivided; fifths of the premises in dispute, and have execution therefor, together with his damages aforesaid qaq'.qqpd.